**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CAROLYN D. GUNNEY; EDWARD A.
GUNNEY, Jointly and Individually,
<u>Plaintiffs-Appellants,</u>

v.

No. 98-1735

NV HOMES, LP, a/k/a NV Homes
Limited Partnership, a Virginia
Limited Partnership,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-95-3843-AW)

Argued: September 23, 1999

Decided: January 6, 2000

Before WILKINSON, Chief Judge, KING, Circuit Judge, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Melvin George Bergman, Beltsville, Maryland, for
Appellants. J. Michael Conroy, Jr., CONROY, BALLMAN &
DAMERON, CHARTERED, Gaithersburg, Maryland, for Appellee.
**ON BRIEF:** Edward P. Henneberry, CONROY, BALLMAN &
DAMERON, CHARTERED, Gaithersburg, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Carolyn D. Gunney and Edward A. Gunney (the Gunneys) filed suit alleging fraud, breach of contract, specific performance, breach of warranty, and violation of the Maryland Consumer Protection Act (CPA) against NV Homes. The Gunneys abandoned the specific performance and breach of warranty claims, and they appeal the final judgment of the district court granting summary judgment to NV Homes on the remaining counts. The Gunneys also appeal the district court's subsequent denial of their motion to alter, amend, or reconsider the judgment under Federal Rule of Civil Procedure 59(e). We affirm the district court's judgment and its denial of the Gunneys' postverdict motion.

I

In May 1992, the Gunneys and NV Homes entered into a sales agreement for the purchase of a new home to be constructed on a lot in Prince George's County, Maryland (the property). When searching for a lot, one of the Gunneys' main concerns was being able to build an in-ground swimming pool in the backyard. The Gunneys testified that agents of NV Homes consistently represented to them that the lot they were purchasing could accommodate a swimming pool.

The sales agreement provided that NV Homes would build the home "in a workmanlike manner and substantially in accordance with plans and specifications which have been reviewed by Buyer." J.A. 135. The agreement further stated that model homes, advertising, or promotional materials were not the basis of the bargain and that the obligations of NV Homes would be determined solely by the plans and specifications.

The sales agreement provided that the property was sold "subject to easements, if any, created or to be created, prior to or after closing

2

of title for the installation of utilities, stormwater management or drainage facilities . . . which may be placed on record by the Seller after the execution of this Agreement . . . ." J.A. 136. The agreement also gave NV Homes the right to enter the property at any time after settlement in order to make exterior changes and improvements to the lot as required by governmental authorities.

The agreement contained a clause providing that oral statements or promises not included in the contract would not be enforceable under law. The contract contained lines on which the parties could include any oral representations upon which they were relying. These lines were left blank.

Prior to settlement on the property, the Gunneys conducted a walk-through inspection of the completed house and noted several needed repairs on a "punch list." After settlement, the Gunneys conducted another inspection of the house and filled out a final inspection report, noting further repairs. There is considerable dispute between the parties as to whether these repairs were made and the quality of the repairs.

At the time of contract, the property was encumbered by a storm drain easement, which contained an underground storm drainage system and a submerged manhole egress. At settlement, the Gunneys reviewed a house location survey of the property that reflected the size and location of the easement but did not show the storm drain system or the manhole egress.

Approximately 18 months after settlement, Prince George's County officials conducted an inspection of the drainage system and required that the manhole cover on the property be raised to grade level. NV Homes and county officials proceeded with the project, leaving a manhole cover visible in the Gunneys' backyard. After the manhole egress was raised, the Gunneys were told by several pool construction companies that their backyard could support a small in-ground pool of an irregular shape.

In May 1997, the Gunneys commissioned an appraisal of the property. The appraisal concluded that the value of the property was reduced by $26,600 due to repairs needed in the home. It also made

3

a downward adjustment of $32,800 in the value of the property for "loss of utility due to [slope and storm drain] easements." J.A. 342.

II

Appellate review of an award of summary judgment is de novo. Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc). Summary judgment is only appropriate when the moving party shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 973 (4th Cir. 1990). In reviewing the record, we draw all inferences in favor of the party opposing summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). A mere scintilla of evidence supporting the opposing party's case, however, is insufficient to defeat summary judgment. Shaw v. Stroud , 13 F.3d 791, 798 (4th Cir. 1994). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no `genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

III

The Gunneys claim that NV Homes committed fraud and violated the CPA by failing to disclose the existence of the storm drain system and manhole egress in their backyard and by representing that the yard could accommodate a swimming pool. On the latter claim, the Gunneys have failed to present evidence that their backyard cannot, in fact, accommodate a pool. The Gunneys have made no showing on the first element of fraud, "that the defendant made a false representation to the plaintiff." Nails v. S&R, Inc. , 334 Md. 398, 415, 639 A.2d 660, 668 (1994). They also have not presented evidence that NV Homes' statements about the swimming pool were "false, falsely disparaging, or misleading" under the CPA. Md. Code Ann., Com. Law II § 13-301(1) (1998 Supp.). Companies that install in-ground swimming pools disclosed that the backyard would accommodate a pool. Summary judgment on this claim was appropriate.

Concerning the storm drain system and manhole egress, the district court found that there were triable issues on the fraud-like tort of

4

deceit as to whether NV Homes failed to disclose a material fact with intention to deceive and whether the Gunneys justifiably relied on the concealment. Lubore v. RPM Associates, 109 Md. App. 312, 329, 674 A.2d 547, 555 (1996). Both the deceit and CPA claims of the Gunneys, however, require proof of injury. Id.; Md. Code Ann., Com. Law II § 13-408(a) (1990). The Maryland courts have concluded that private actions under the CPA, like actions for fraud and deceit, require proof of "actual `injury or loss.'" CitaraManis v. Hallowell, 328 Md. 142, 153, 613 A.2d 964, 969 (1992).

The district court correctly found that the Gunneys did not establish a triable issue of fact as to whether they suffered any damages from the alleged deceit. Because the Gunneys were aware of the size and shape of the backyard easement at the time of settlement, they were only misled as to the presence of a drainage system and manhole egress in the easement. The appraisal report presented by the Gunneys concludes that the value of the property is reduced 12.5% "for loss of utility due to easements." J.A. 342. There is no indication in the record, however, that the drainage system and manhole egress have damaged the Gunneys to any extent greater than the existence of the known easement. Summary judgment on these deceit and CPA claims was appropriate as well.

The Gunneys also allege that NV Homes violated the CPA by misleading and deceiving them with respect to the size of their family room. They contend that the floor plan in a promotional brochure showed a room six feet longer than the room in their house. By accepting the terms of the contract, however, the Gunneys stated that they were not relying on promotional materials for the details of their house but on "the plans and specifications which have been reviewed by the Buyer." J.A. 135. There is no dispute that the house was built according to its plans and specifications. Because a jury could not conclude that the Gunneys were misled or deceived by the brochure, NV Homes was entitled to summary judgment.

The Gunneys' breach of contract claim alleges that NV Homes failed to perform promised repairs. The Gunneys concede that the sales agreement contained no contractual promise to repair but only a warranty of workmanship. See Hartford Accident & Indemnity Co. v. Scarlett Harbor Assocs. Ltd. Partnership, 109 Md. App. 217, 246,

674 A.2d 106, 120 (1996) (holding that, while a"repair promise is a contractual obligation . . . representations concerning the condition of the premises are express warranties."), aff'd on other grounds, 346 Md. 122, 695 A.2d 153 (1997).

The Gunneys contend, instead, that NV Homes made separate, oral promises to repair when they filled out their punch lists upon pre- and post-settlement inspection. The Gunneys did not present this theory of recovery in the district court but instead argued that NV Homes' obligation to repair arose from the contractual requirement of constructing the home in a "workmanlike manner.""[I]ssues raised for the first time on appeal generally will not be considered." Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993). Because the Gunneys did not raise the oral contract theory of recovery before the district court, this court will not consider it on appeal. The district court correctly granted summary judgment on the breach of contract claim.

Finally, the Gunneys allege a violation of the CPA with regard to NV Homes' failure to make repairs to the house. The Gunneys also did not make this argument in the district court, instead stating that "[t]he issues involved in respect to repairs involve Count II for breach of contract, and Count IV for breach of warranty." J.A. 124. We will not consider this theory of recovery for the first time on appeal.

The district court properly held that the clause pertaining to construction in a "workmanlike manner" gives rise to a claim for breach of warranty. Hartford Accident & Indemnity, 109 Md. App. at 246, 674 A.2d at 120. Inasmuch as the Gunneys abandoned the count of the complaint alleging breach of warranty, the district court properly granted NV Homes summary judgment on the claim for repairs.

IV

We affirm both the district court's judgment and its denial of the Gunneys' motion to alter, amend, or reconsider the judgment.

AFFIRMED